Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 06-CV-276-GFVT

DARRELL TURNER                                                                                              PLAINTIFF

VS:                              **MEMORANDUM OPINION AND ORDER**

OFFICER BRESSLER, ET AL.                                                                              DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the parties' several motions, including two dispositive motions filed by the three Defendants herein, two of whom having joined in a Motion to Dismiss, or in the alternative, for Entry of Summary Judgment in their Favor [Record No. 36]. The final Defendant has separately submitted a Motion for Summary Judgment [Record No. 38].

## I.  BACKGROUND

On December 8, 2006, Darrell Turner, a federal prisoner then confined at the United States Penitentiary (U.S.P.)-Big Sandy in Inez, Kentucky, initiated the instant *pro se* civil action against certain personnel of the Federal Bureau of Prisons ("BOP"), purportedly pursuant to 28 U.S.C. § 1331. On February 2, 2007, this Court granted Turner permission to proceed herein *in forma pauperis* and by separate Memorandum Opinion and Order quoted from the Plaintiff's allegations, as follows:

> Judge I am writing you due to the situation that's occuring at U.S.P. Big Sandy. I am writing you because I do not know what to expect of certain officers. On Nov. 16, 2006 during emergency lockdown an officer Bressler broke security by

> coming into my cell and assaulting me. I defended myself while under attack and now Im being held in the special Housing unit of the prison. on Nov 20th 2 officers from the special housing Unit pulled me in a back room and thoroughly gave me an ultimatum as to the proper responses, once questioned about the 16th incident. I would like this to be a record of whats going on in case of any unfortunate "accidents" I might suffer. I am currently being denied access to Administrative Remedies and I have no where to turn. I ask you to at least document this and help me get the access to the administrative remedies that I have currently being denied.

Record No. 7 (quoting from D.E. 2 [sic]).

In the same Order the Court also repeated the Plaintiff's later allegations regarding his non-use of the BOP administrative remedy procedures. He wrote that his access to the administrative remedies had been blocked, explaining as follows:

> Starting Nov. 20, 2006 officers Sloan and Miller, who both work in the Special Housing unit, which I am housed, have threatened to take my life on numerous occasions if I file any administrative remedies complaining about them.

Record No. 7 (quoting from D.E. 5). Plaintiff attached two supporting declarations of fellow-inmates, in one of which his cell-mate, John Broomfield, claims that these same officers told him that they would kill both the Plaintiff and Broomfield "if any one of us tried to write them up." *Id*.

Liberally construing the *pro se* Plaintiff's allegations and noting that he has raised serious issues of threatening prisoners' bodily integrity and blocking inmates' access to the grievance procedures, hence to the federal courts, this Court directed that summons issue for the BOP Defendants in their individual capacities (Bressler, Sloan, and Miller).

Almost immediately, the Plaintiff began filing motions and he has continued to do so, such that five are currently pending. The Defendants' first response was a joint Motion for

2

Extension of Time, which was granted. Eventually, Defendants Slone[1] and Miller responded to the allegations with the filing of the first dispositive motion which is presently before the Court. Defendant Bressler later responded with a Motion for Summary Judgment, in which he adopted the arguments of the other Defendants.

In their joint Motion to Dismiss or for Entry of Summary Judgment [Record No. 36], Defendants Slone and Miller vigorously deny the events alleged. As to the relevant facts, these Defendants submit their own declarations, contending that not only did they not ever threaten the Plaintiff on November 20, 2006, they could not have, as they did not even know of the November 16th incident with Officer Bressler. Nor did they actually block the Plaintiff's access to the BOP administrative remedy system regarding Bressler's alleged assault, as the record herein shows that Turner was able to file for an administrative remedy regarding him, Remedy No. 436321, although Plaintiff later failed to complete the administrative process.

Slone and Miller argue that all claims against them should be dismissed for the Plaintiff's failure to exhaust his administrative remedies, as is required by 42 U.S.C. § 1997e(a). In fact, they stress, the Plaintiff failed to file any administrative remedy request with regard to them or the alleged November 20th threat. In support thereof, these Defendants submit the declaration of Kevin J. Walasinski, a BOP attorney, who attests to Plaintiff's sporadic use of the BOP administrative remedy system and attaches supporting BOP records.

The Defendants also submit that the Plaintiff has failed to state a claim upon which the Court may grant relief. They contend that he has not presented a claim under the Eighth

---

[1] Although the Plaintiff has spelled this Defendant's name "Sloan," the named Defendant has responded as Ralph "Slone." The Court will use the latter, correct spelling hereafter.

3

Amendment, as case law requires that verbal threats are not cognizable unless accompanied by harm or psychological injury. Nor has he stated a retaliation claim under the guidelines of *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). These Defendants also claim that they are shielded from liability by qualified immunity, and finally, that they are entitled to summary judgment, as the Plaintiff has submitted no evidence that the Defendants have violated any current United States law. Accordingly, Defendants Ralph Slone and Larry Miller urge that the instant case be dismissed.

By separate counsel, Defendant Bressler has moved for summary judgment [Record No. 38]. He adopts the other Defendants' supporting memorandum and attachments, and notes with particularity that although Turner filed for an administrative remedy against him, Plaintiff did not properly conclude the process to the national level of the BOP. Thus, Bressler insists, he, too, is entitled to dismissal on the ground that Plaintiff failed to exhaust his available administrative remedies.

The Court granted the *pro se* Plaintiff time in excess of the usual 15 days to respond to the first Defendants' Motion and warned him that his failure to respond could result in the granting of the Motion [Order at Record No. 39]. Plaintiff has responded by filing the last two of his five pending motions [Record Nos. 40-41]. His first, a Motion for the Appointment of Counsel, is grounded in allegations that he is indigent, this case is complex, and he is unable to "efficiently investigate and prosecute this case without assistance," because of his incarceration.

In the second motion, titled "Motion to Stay Defendants Summary Judgement Motion," Plaintiff requests an opportunity to conduct discovery and states that he is currently constructing several discovery documents. He argues that it would be "premature, unfair, unequitable [sic],

and prejudicial to allow summary judgement" before he has a chance for discovery.

The Defendants have all objected to such a stay. Citing *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004), they contend that the Plaintiff has failed to explain why he is unable to present facts essential to justify his opposition to the summary judgment motions; nor has he disclosed any reason that discovery is necessary in order to respond to the Motions. Moreover, in the instant case, they claim, the grounds for these Defendants' Motions are legal, not factual issues to be pursued in discovery, *e.g.*, the exhaustion requirements of 42 U.S.C. § 1997e(a) and the qualified immunity standards of *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Plaintiff has filed a Reply to the Defendants' objections, again broadly contending that his intended discovery requests will lead to facts that are material to the subject matter herein. This time, he also specifies that he will question other BOP officers who were present at Bressler's assault and who will state that Bressler did "strike Darrell Turner with a closed fist 5 to 10 times." Record No. 44 at 1. Plaintiff contends that since this is a factual dispute, summary judgment is inappropriate. Finally, Turner claims, he has a legal argument to the Defendants' motions but he has not addressed the qualified immunity issue because he has not had a chance to discover all of the facts.

## II. DISCUSSION

### A.

Defendants Slone and Miller have brought their dispositive motion on alternative grounds. They first move for dismissal, pursuant to Federal Rule of Civil Procedure 12(b), which provides for the dismissal of claims and parties for seven listed reasons. Subparagraph (6) governs motions to dismiss for "failure to state a claim upon which relief can be granted."

5

Fed.R.Civ.P. 12(b)(6).

In considering a Rule 12(b)(6) motion, the court must take well pled allegations as true and construe them most favorably toward the non-movant. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims, if the alleged facts are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976).

The United States Court of Appeals for the Sixth Circuit has written of the burden imposed on a plaintiff upon a defendant's filing of such a motion, as follows: "To survive a motion to dismiss . . . , a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. Nonetheless, conclusory allegations or conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 717 (6th Cir. 2005) (citations omitted), *cert. denied*, 126 S.Ct. 1911 (2006).

Rule 12(b)(6) continues, in pertinent part, as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*Id.* Thus, the plain language of the rule requires that if the Rule 12(b)(6) motion has attachments, such as the affidavits and records herein, then the motion "shall" be converted into a motion for summary judgment pursuant to Rule 56. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th

Cir. 1993).

In the case *sub judice*, the first two Defendants have requested entry of summary judgment in their favor as alternative relief and the remaining Defendant has requested only the entry of summary judgment. Because all of the Defendants rely on declarations and exhibits attached to the initial motion, which go to the merits of their affirmative defenses, and because this Court has considered their content, the Court converts the Defendants' Motion to one for Summary Judgment. *See, e.g., McCoy v. Goord*, 255 F.Supp.2d 233, 251 (S.D.N.Y. 2003) ("If nonexhasution is not clear from the face of the complaint, a defendant's motion to dismiss should be converted, pursuant to Rule 12(b), to one for summary judgment limited to the narrow issue of exhaustion . . . .").

Summary judgment should be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The evidence, all facts, and any inferences that may be drawn from the facts must be viewed in the light most favorable to the nonmovant. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 245 (6th Cir.), *cert. denied,* 522 U.S. 967 (1997).

In its consideration of a motion for summary judgment, the Supreme Court of the United States has further directed that a court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial; "metaphysical doubt" is insufficient. *Matsushita*, 475 U.S. at 587. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails

to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986).

The significant question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986). The moving party has the burden of showing there is an absence of evidence to support a claim. *Celotex*, 477 U.S. at 324-25. After the moving party carries its burden, the non-moving party must go beyond the pleadings to designate by affidavits, depositions, answers to interrogatories, and admissions on file, specific facts showing that there is a genuine issue of material fact for trial. *Id.* If the non-moving party completely fails to prove an essential element of his or her case, then all other facts are rendered immaterial. *Id.* at 322-23.

**B.**

The Court begins with a pre-condition with which prisoners must comply prior to filing a lawsuit against his custodians. As the Defendants point out, Congress has mandated that prisoners exhaust a jail or prison's administrative remedy scheme before coming to federal court. The relevant statute provides as follows:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). The Supreme Court of the United States has examined the statute and held that it means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v.*

8

*Nussle*, 534 U.S. 516, 532 (2002). Further, exhaustion must be properly in conformity with the administrative remedy scheme in all respects, including procedurally, as in meeting the time limits imposed therein. *Woodford v. Ngo*, 548 U.S. ____, 126 S.Ct. 2378 (2006).

The administrative remedies for federal prisoners are set forth in 28 C.F.R. §§ 542.10-16 (1997). Section 542.13(a) demands that an inmate first informally present his complaint or request to the staff (BP-8 ½) before filing a formal request for an administrative remedy. If the inmate cannot informally resolve the issue with staff, then he may submit a formal written complaint/request (BP-9) to the warden. An inmate who is not satisfied with the warden's response may submit an appeal (BP-10) to the appropriate regional director; and an inmate who is not satisfied with the regional director's response may submit an appeal (BP-11) to the BOP's general counsel, in Washington, D.C.

The record herein reveals – and the Plaintiff does not deny – that with regard to Officer Bressler, he did not complete the administrative remedy process to the level of the BOP's national office in Washington; and with regard to Officers Slone and Miller, Turner did not pursue any administrative remedies. On this record, the Court finds that Plaintiff did not exhaust the administrative process with regard to any of his claims herein. Therefore, under 42 U.S.C. §1997e(a), "[n]o action shall be brought" against Officers Bressler, Slone, or Miller.

Exhaustion is not a mere formality. Case law demonstrates the courts' adherence to the exhaustion requirement because it furthers important goals. The Sixth Circuit has repeatedly explained that "the importance of using the prison grievance process [is] to alert prison officials to problems." *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). *See also Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001); *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999); *Bell v. Konteh*,

450 F.3d 651 (6th Cir. 2006), *cert. denied*, 127 S.Ct. 1257 (2007). By not exhausting the administrative remedies available to him, Plaintiff deprived the BOP of a fair opportunity to consider his allegations and to remedy any problems between Turner and the three Defendants. By not exhausting the administrative remedy program, he has also deprived himself of an opportunity to seek redress from the Federal Defendants herein.

Consistent with 42 U.S.C. § 1997e(a) and *Jones v. Bock*, 127 S.Ct. 910, 920 (2007), the Defendants herein have raised the Plaintiff's failure to exhaust as an affirmative defense, and Turner has not responded with any demonstration that he did exhaust the BOP's administrative remedies with regard to any claim herein. On the instant record, the Court finds that Plaintiff did not satisfy the requirements of 42 U.S.C. § 1997e(a).

Therefore, the instant action is subject to dismissal for non-compliance with the exhaustion statute. The Court bases its decision today only on Turner's failure to exhaust the administrative remedies available to him. Factual disputes as to whether or not the Plaintiff was assaulted by Bressler and whether or not he was threatened by Slone or Miller, are not material or even relevant to the disposition herein, and therefore, the Court does not reach them.

Additionally, since these same alleged factual disputes were the basis for Turner's motion for a stay to permit discovery, the motion will be denied. As to the Plaintiff's second responsive motion, for appointment of counsel, he is advised that a district court has discretion to appoint counsel for an indigent civil litigant. 28 U.S.C. § 1915(e). However, in determining whether to exercise this discretion, the federal court must consider certain factors:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether exceptional circumstances exist, courts have examined the type of case

      and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues.

*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (citations omitted) (quotation marks omitted). "The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in 'fundamental unfairness impinging on due process rights.'" *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (citations omitted).

      Having considered Turner's request for counsel in light of these principles, the Court finds that exceptional circumstances warranting such an appointment do not exist. The exhaustion issue is straightforward and the disposition here turns on the simple fact that the Plaintiff presented no evidence that he satisfied the exhaustion pre-condition. The exhaustion issue is not complex factually or legally and the Court does not base its decision today on any legal niceties which would benefit from the assistance of counsel. The Court finds that the appointment of counsel is not warranted herein.

### III. CONCLUSION

      This Court has concluded that the Plaintiff has failed to exhaust the administrative remedies available to him. Therefore, all of his civil rights claims must be dismissed without prejudice. With regard to the exhaustion issue, the Court finds that there is no genuine issue as to any material fact and that the moving Defendants are entitled to a Judgment as a matter of law under 42 U.S.C. § 1997e(a) and Federal Rule of Civil Procedure 56, on this limited issue. Accordingly,

      **IT IS HEREBY ORDERED** as follows:

    (1)    The Defendants' Motions for Dismissal and Summary Judgment [Record Nos. 36, 38] are **GRANTED** as to failure to exhaust.

    (2)    Plaintiff Darrell Turner's cause of action herein will be **DISMISSED**, without prejudice, based on the Court's finding that Turner failed to exhaust the Federal Bureau of Prisons administrative remedies, and a contemporaneous Judgment shall issue in favor of the Defendants.

    (3)    Plaintiff's Motions for Appointment of Counsel [Record No. 40] and for a Stay [Record No. 41] are **DENIED** for the reasons stated herein.

    (4)    Plaintiff's earlier Motions to Clarify [Record No. 11], to Amend/Supplement [Record No. 20], and for Permissive Joinder [Record No. 23] are all **DENIED** as moot.

    This the 28th day of September, 2007.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge